IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.  5:11-CV-210-D

CYNTHIA M. ALLENS,              )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )        **MEMORANDUM &**
                                )        **RECOMMENDATION**
MICHAEL J. ASTRUE               )
Commissioner of Social Security, )
                                )
        Defendant.              )

This matter is before the Court upon the parties' cross-motions for Judgment on the

Pleadings.  (DE's-37, 42).  The time for the parties to file any responses or replies has expired

and those motions are now ripe for adjudication.  Pursuant to 28 U.S.C. § 636(b)(1), they have

been referred to the undersigned for the entry of a Memorandum and Recommendation.  (DE-44).

For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the

Pleadings (DE-37) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings

(DE-42) be DENIED.  Specifically, it is RECOMMENDED that Defendant's final decision be

vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security

income ("SSI") on July 24, 2007, alleging that she became disabled on April 1, 2007. (Tr. 10).

These applications were denied initially and upon reconsideration.  *Id.*  A hearing was held

before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled

1

during the relevant time period in a decision dated June 20, 2008. *Id.* at 85-92. On March 26,

2010, the Social Security Administration's Office of Hearings and Appeals ("Appeals Council")

granted Plaintiff's request for review. *Id.* at 96-99. Specifically, the Appeals Council found that

the ALJ: 1) failed to evaluate a medical opinion; 2) failed to adequately define the term "noisy"

in establishing Plaintiff's residual functional capacity ("RFC"); 3) incorrectly stated that Plaintiff

had not received any mental health treatment; and 4) may have incorrectly described Plaintiff's

earning history. *Id.* at 97-98. Accordingly, the Appeals Council vacated the ALJ's decision and

remanded the case for resolution of those issues. *Id.* The ALJ issued a second decision on

September 14, 2010, again determining that Plaintiff was not disabled. *Id.* at 10-20. Plaintiff's

request for review was denied by the Appeals Council on March 8, 2011 rendering the September

14, 2010 determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action

on May 6, 2011. (DE-5).

**Standard of Review**

        This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g),

which provides in pertinent part:

>         The court shall have power to enter, upon the pleadings and transcript of the record,
>         a judgment affirming, modifying, or reversing the decision of the Commissioner of
>         Social Security, with or without remanding the cause for a rehearing. The findings
>         of the Commissioner of Social Security as to any fact, if supported by substantial
>         evidence, shall be conclusive...
>
>         42 U.S.C. § 405(g)

        "Under the Social Security Act, [the Court] must uphold the factual findings of the

Secretary if they are supported by substantial evidence and were reached through application of

the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence

is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had engaged in substantial gainful activity from April 1, 2007 through July 2007. (Tr.

3

13).   However, the ALJ then concluded that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.   *Id.*   At step two, the ALJ found that Plaintiff suffered from the following severe impairments:   1)   lumbar degenerative disc disease; 2) hearing loss; 3) vertigo; 4) hypertension; and 5) major depression.   *Id.*   Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.   *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with restrictions.   *Id.* at 14.   Based on this finding, the ALJ found that Plaintiff was unable to perform her past relevant work.   *Id.* at 18.   However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.   *Id*.   Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period.   *Id.* at 19-20.

In determining that Plaintiff was not disabled, the ALJ found that Plaintiff's statements regarding her symptoms were not fully credible.   *Id.* at 17.   Specifically, the ALJ stated that:

> The claimant does not have any significant anatomical structural deformities and there is no evidence of ongoing nerve root compression which might be expected based on the degree of pain alleged. The treatment regimen, indicates that the claimant's symptoms are not as intractable as alleged. In addition, the medical evidence do not reveal any evidence of a change in motor tone or bulk such as disuse atrophy, or other change in body habitus or constitutional appearance such as weight loss, which might be expected in a person whose activities are markedly restricted due to a debilitating disease process. These factors indicate that the claimant's allegations of functional restrictions are not fully credible
>
> The medical records do not support the level of severity alleged by the claimant. The claimant alleged that her medications cause her to feel drowsy. The records do not support the frequency of vertigo episodes alleged by the claimant. The claimant acknowledged to Dr. Uba on March 12, 2008, that her vertigo was not occurring as frequently as before her surgery (Exhibit 11F). Dr. Cohen had noted on October 18, 2007, that the

claimant's prognosis for her left knee strain, vertigo and hypertension was all described as being stable. Dr. Uba had noted on March 12, 2008, that the claimant disclosed that she had experienced episodes of vertigo, but not as frequently. He had also stated that the claimant's ability to move about and her ability to lift was moderately impaired. Dr. Uba had also noted that the claimant's vertigo, low back pain and hypertension was controlled and that her low back and shoulder pain was relieved with Darvocet. These factors indicate that the claimant's allegations of functional restrictions are not fully credible.

*Id.* at 17-18.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig , 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See* Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other

information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4. Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." *Id.* at * 2.

Here, the ALJ's findings regarding Plaintiff's credibility misstate the medical record. Citing Exhibit 11F (Tr. 361-364), the ALJ states that "Dr. Uba had also noted that the claimant's vertigo, low back pain and hypertension was controlled . . ." *Id.* at 17. However, this misquotes Dr. Daniel Uba. On the contrary, Dr. Uba only found Plaintiff's hypertension to be controlled. *Id.* at 363. Moreover, Plaintiff's vertigo was described as chronic and severe. *Id.*

The ALJ also found that Plaintiff's "low back and shoulder pain was relieved with Darvocet." *Id.* at 17. On April 14, 2008, Dr. Uba noted that Plaintiff's back and shoulder pain were relieved by Darvocet. *Id.* at 361. However, on June 30, 2008, Dr. Uba indicated that Plaintiff's shoulder and back pain were "no longer relieved by Darvocet." *Id.* at 367.

Defendant concedes—in part—that the ALJ misstated the record. Specifically, Defendant states that "[i]t appears that the ALJ misunderstood Dr. Uba's assessment to state that each of those conditions was controlled, when it appears that only the hypertension was 'controlled.'" (DE-43, pg. 18). Likewise, Defendant also concedes that Dr. Uba's June 30, 2008 treatment notes state that Plaintiff's pain was "no longer relieved" by Darvocet. *Id.* To offset this concession, Defendant notes that "[i]n January [2011], however, Dr. Desai wrote that Plaintiff's pain was 'adequately controlled' with narcotic medication and that she reported no adverse side effects (Tr. 613)." (DE-43, pg. 18). However, Dr. Desai's findings fall outside the

6

relevant time period. With regard to the time period before him, the ALJ inaccurately summarized the medical record during his assessment of Plaintiff's credibility. Because of this inaccuracy, the ALJ's findings with regard to Plaintiff's credibility were not "supported by evidence in the case record." SSR 96-7p, 1996 WL 374186, *2. Accordingly, this matter should be remanded to permit Defendant to re-evaluate these findings.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-37) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-42) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, July 02, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE